## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ROGER WHITE                                          CIVIL ACTION

VERSUS                                               NO. 23-3847

YAX ECOMMERCE, LLC                                   SECTION: D (1)

### ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Compel Arbitration filed by the Defendant, Yax Ecommerce LLC.[1] The Plaintiff, Roger White, filed a response in opposition to the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Roger White brings suit in this Court against Defendant Yax Ecommerce LLC d/b/a Wealth Assistants LLC ("Defendant") on a claim of breach of contract.[3] Plaintiff alleges that on or about December 19, 2022, he and the Defendant entered into a contract wherein the Defendant agreed to manage the Plaintiff's online "seller ID/merchant token" on the Amazon ecommerce platform.[4] According to the Plaintiff, the contract obligated the Defendant to "focus on customer satisfaction and other customer metrics such as reliably meeting customer demands and quality control, including but [sic] limited to Host account health parameters such as order

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 6.
[4] *Id.* at ¶ 11.

defect rate, cancellation rate, late dispatch rate, on-time delivery, and return dissatisfaction rate," and to "fine tune the Plaintiff store's reputation and position[] operations for a successful store."[5]  Plaintiff claims that Defendant failed to perform any of these obligations and responsibilities despite Plaintiff paying Defendant $55,000.00 on or about December 28, 2022.[6]  Plaintiff contends that he has suffered damages, including financial losses and missed investment opportunities, as a result of the Defendant's breach.[7]

Shortly after Plaintiff filed his initial Complaint, this Court ordered the Plaintiff to file an amended Complaint properly establishing the citizenship of the Defendant to ensure that this Court may exercise diversity jurisdiction in this matter.[8]  The Plaintiff timely filed an Amended Complaint with the requisite citizenship information of the Defendant.[9]  Accordingly, all references to Plaintiff's Complaint are to the First Supplemental and Amended Complaint for Breach of Contract ("Amended Complaint").

In the instant Motion, Defendant asks the Court to either dismiss the Plaintiff's Amended Complaint in its entirety due to the Court's lack of personal jurisdiction over the Defendant or, alternatively, to compel arbitration of this dispute.[10]  The Defendant argues that this Court lacks jurisdiction over it because the Defendant does not have sufficient minimum contacts with Louisiana to establish

---

[5] *Id.* at ¶ 12.
[6] *Id.* at ¶¶ 14–16.
[7] *Id.* at ¶ 17.
[8] R. Doc. 5.
[9] R. Doc. 6.
[10] R. Doc. 9.

specific jurisdiction and because the requirements of general jurisdiction are not satisfied.[11]  The Defendant contends that it does not have any offices, registered agents, bank accounts, employees, or property in Louisiana, that it does not advertise in Louisiana, that it does not sell or market any goods, services, or products in Louisiana, and does not pay any taxes in Louisiana.[12]  According to the Defendant, its only contact with Louisiana—the contract it made with the Plaintiff—is insufficient to establish specific jurisdiction.[13]  Similarly, Defendant argues that general jurisdiction is also improper because it is not "at home" in Louisiana.[14]  Accordingly, the Defendant moves the Court to dismiss this action for lack of personal jurisdiction.  The Defendant also argues, in the alternative, that the Court should compel the parties to arbitrate this matter pursuant to the arbitration provision in the parties' contract.[15]

The Plaintiff filed a brief response in opposition to the Motion, contending that this Court does have personal jurisdiction over the Defendant because the "plaintiff believes that the Defendant has sufficient minimum contacts with Louisiana."[16]  The Plaintiff argues that the "Defendant's business activities, including the contract with the Plaintiff, have effects within this state" sufficient to constitute minimum contacts.[17]  Regarding arbitration, the Plaintiff concedes that there is a binding arbitration clause in the contract with the Defendant and contends that he has

---

[11] *Id.*
[12] R. Doc. 9-1 at p. 5.
[13] *Id.* at p. 4.
[14] *Id.* at p. 5.
[15] *Id.* at pp. 6–8.
[16] R. Doc. 11 at p. 1.
[17] *Id.*

previously demanded arbitration of this matter.[18]   The Plaintiff argues that the Defendant's Motion to Dismiss is premature given that the Plaintiff has demanded arbitration and asks the Court to stay the proceedings pending arbitration.[19]

## II.   LEGAL STANDARD

"Personal jurisdiction, [like subject matter jurisdiction], is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'"[20]   Because personal jurisdiction is a "threshold ground[] for denying audience to a case on the merits," a court must address the threshold personal jurisdiction claim before reaching a claim on the merits.[21] Therefore, to the extent that the Defendant styles its Motion in the alternative as a Motion to Compel Arbitration, the Court first takes up the jurisdictional matter of whether this Court has personal jurisdiction over the Defendant.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden of establishing jurisdiction belongs to the plaintiff.[22]   A plaintiff, however, "need only present a prima facie case of personal jurisdiction to satisfy that burden[;] '[p]roof by a preponderance of the evidence is not required.'"[23]   The Court takes all uncontroverted allegations in

---

[18] *Id.* at pp. 1–2.

[19] *Id.* at p. 2.

[20] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (second alteration in original) (quoting *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).

[21] *Id.* at 584–85; *accord Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

[22] *Hebert v. Wing Sale, Inc.*, 337 F. Supp. 3d 714, 717 (E.D. La. 2018) (citing *Luv N' Care v. Insta-Mix, Inc.*, 438 F. 3d 465, 469 (5th Cir. 2006)).

[23] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (citing *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 869 (5th Cir. 2000) and quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

the complaint as true and resolves conflicts in the plaintiff's favor.[24]  The Court may consider affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[25]  The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of due process.[26]  Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of jurisdiction over the defendant would offend due process.[27]

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations."[28]  As explained by the U.S. Supreme Court, "where individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."[29]  Accordingly, under federal due process requirements, the Court analyzes whether the nonresident defendant has certain

---

[24] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).
[25] *Jobe v. ATR Marketing, Inc.,* 87 F.3d 751, 752 (5th Cir. 1996).
[26] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).
[27] *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521, 547 (5th Cir. 2014).
[28] *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).
[29] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).

minimum contacts with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[30]

There are two types of jurisdiction: general jurisdiction and specific jurisdiction. "'[G]eneral' or 'all purpose' jurisdiction . . . permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)."[31] General jurisdiction is proper where a defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[32] In contrast, "specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation," and requires that "the defendant's suit-related conduct . . . create a substantial connection with the forum State."[33] The Fifth Circuit applies a three-step analysis for the specific jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[34]

Jurisdiction is proper where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.[35]

---

[30] *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (internal citation and quotation marks omitted).
[31] *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014).
[32] *Bauman*, 571 U.S. at 139 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).
[33] *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (cleaned up).
[34] *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).
[35] *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Kulko v. California Superior Court*, 436 U.S. 84, 94 (1976).

Thus, where the defendant "deliberately" has engaged in significant activities within a state, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum state's laws, it is presumptively reasonable to require him to submit to the burdens of litigation in that forum as well.[36]

## III.   ANALYSIS

For the reasons set forth above, the Court begins its inquiry narrowly focused on Defendant's Motion to Dismiss for Lack of Jurisdiction.  This Court may only exercise personal jurisdiction over the Defendant if the Defendant has sufficient contacts with Louisiana to satisfy the requirements of either specific or general jurisdiction.  To resolve that inquiry, the Court considers whether Defendant's contract with Plaintiff, a Louisiana citizen, constitutes sufficient minimum contacts with Louisiana to comport with the requirements of due process. Because the Court finds that Plaintiff has not established a prima facie case of personal jurisdiction, the Court lacks both specific and general jurisdiction over the Defendant and therefore grants the Defendant's Motion to Dismiss.

### A.   The Court Lacks General Jurisdiction Over the Defendant

The Court first addressees whether it may exercise general jurisdiction over the Defendant.   General jurisdiction is appropriate only where a defendant is

---

[36] *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 784 (1984); *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648 (1950).

essentially "at home" in the forum State.[37]  For a business entity, the "paradigm forum for the exercise of general jurisdiction" are the entities' "place of incorporation, and principal place of business."[38]  Here, the Defendant is a Wyoming-registered limited liability company[39] with a principal place of business in Texas.[40]  Further, the members of the Defendant are themselves citizens of Texas and Florida.[41]  The Defendant has no office, employees, or agents in Louisiana and is not registered to do business in Louisiana.[42]

The Court finds that the Defendant lacks the "continuous and systematic" connections sufficient to render the Defendant essentially "at home" in Louisiana.[43] The Defendant's limited contacts with the state do not satisfy the requirements for the exercise of general jurisdiction.  Moreover, the Plaintiff does not contest the Defendant's assertion that the requirements of general jurisdiction are not met here.

**B.    The Court Lacks Specific Jurisdiction Over the Defendant**

The Defendant argues that this Court cannot exercise specific jurisdiction over it because it does not have sufficient minimum contacts with Louisiana.  Although the Defendant recognizes that it contracted with Plaintiff, a citizen of Louisiana, the

---

[37] *Bauman*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919).

[38] *Id.* at 137 (quoting *Goodyear*, 564 U.S. at 924).

[39] In *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331 (5th Cir. 2020), the Fifth Circuit explained that the "at home" analysis for general jurisdiction is not dependent on entity type and applies to limited liability companies as well as corporations.  Thus, the Court considers the Defendant's domicile and principal place of business in analyzing whether it is "at home" in Louisiana.

[40] *See* R. Doc. 9-3, *Declaration of Ryan Carroll*, at ¶ 5; R. Doc. 6 at ¶ 3.

[41] *See* R. Doc. 6 at ¶¶ 6–9.

[42] *See* R. Doc. 9-3, *Declaration of Ryan Carroll*, at ¶¶ 6–15.

[43] *Bauman*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919).

Defendant contends that that connection, standing alone, is insufficient to meet the requirements for a court to exercise specific personal jurisdiction.[44]  The Court agrees.

The Court again notes that it is Plaintiff's burden to establish a prima facie case that the Court may exercise personal jurisdiction over the Defendant.  Here, the Plaintiff has only articulated *one* contact between the Defendant and the forum State—the contract between the parties to manage an ecommerce platform.  Although the Plaintiff summarily states in his Opposition brief that it "believes that the Defendant has sufficient minimum contacts with Louisiana," and contends that "Defendant's business activities . . . have effects within" Louisiana, the Plaintiff has not provided any evidence or specific facts to the Court of any contact by the Defendant with Louisiana other than the contract here.[45]  Accordingly, the Court only considers that singular contact in its analysis.

The Supreme Court has explained that merely contracting with a party located in a state does not by itself establish sufficient minimum contacts with that state.[46]  "[I]t is now well settled that 'an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts in the other party's home forum.'"[47]  Only where a contractual relationship "envision[s] continuing and wide-reaching contacts" in the forum state are the requirements of minimum contacts

---

[44] R. Doc. 9-1 at p. 14.

[45] R. Doc. 11 at p. 1.

[46] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985).

[47] *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222–23 (5th Cir. 2012) (quoting *Burger King*, 471 U.S. at 478); *accord Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 544 (5th Cir. 2019) (explaining that a contract alone is not sufficient to constitute minimum contacts).

met.[48]   A court must evaluate whether the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" demonstrate that a defendant purposefully established minimum contacts with the forum.[49]

Examining the contract at issue here, the Court does not find that it contemplates the sort of "continuing and wide-reaching contacts" with Louisiana sufficient to constitute minimum contacts with the state.   Other than the Plaintiff's physical presence in the state, the contract bears no connection to Louisiana and only concerns services rendered for Plaintiff's web-based Amazon ecommerce store.[50] There is no evidence that the contract was either negotiated in Louisiana or that it required performance in Louisiana.[51]   Indeed, the Court is unaware of any ties the Defendant has with the state of Louisiana.   Plaintiff has pointed to no evidence that any of the services contemplated in the contract will be performed in Louisiana or that the contract envisions future purposeful contacts with Louisiana.   The fortuitous and attenuated connection between the Defendant and Louisiana is insufficient to satisfy Plaintiff's burden in establishing specific jurisdiction over the Defendant.

---

[48] *Burger King*, 471 U.S. at 480; accord *Pervasive Software Inc.*, 688 F.3d at 224.

[49] *Pervasive Software Inc.*, 688 F.3d at 223 (quoting *Burger King*, 471 U.S. at 478–79).

[50] *See* R. Doc. 9-2.  Louisiana is not mentioned anywhere in the contract.

[51] *See, e.g.*, *Halliburton*, 921 F.3d at 544 (collecting cases and examining considerations courts look to in determining minimum contacts); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) ("We have previously explained that a defendant does not have minimum contacts with a state when it does not have a physical presence in the state; it did not conduct business in the state; and the contract underlying the business transaction at issue in the lawsuit was not signed in the state and did not call for performance in the state." (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 272 (5th Cir. 2006))).

Because the requirements of general jurisdiction are likewise not established, the Court must dismiss this action for lack of personal jurisdiction.[52]

## IV.   CONCLUSION

Because this Court lacks personal jurisdiction over the Defendant,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion to Compel Arbitration[53] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Defendant are **DISMISSED WITHOUT PREJUDICE** due to the Court's lack of personal jurisdiction over the Defendant.

New Orleans, Louisiana, November 6, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[52] Because the Court finds it proper to dismiss this action on personal jurisdiction grounds, the Court does not address Defendant's alternative argument that the Court should compel arbitration in this matter.
[53] R. Doc. 9.